

                                                                                            **FILED UNDER SEAL**

October 26, 2021

<u>BY ECF and Email</u>

The Honorable Cheryl L. Pollak  
Chief United States Magistrate Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

    Re:    *United States v. Huawei Technologies Co., Ltd., et al.*,  
           **18 CR 457 (S-3) (AMD) (CLP)**

Dear Chief Judge Pollak:

      The Huawei Defendants write in response to the government's letter of October 12, 2021 (ECF No. 338), discussing outstanding items following the September 9, 2021 hearing on the Huawei Defendant's *Brady* motion.

    A.   <u>The Monitor's Reports</u>

      The Huawei Defendants appreciate the Court's suggestion at the September 9 hearing that the government provide the defense with the footnote information contained in the HSBC Monitor's Reports. On October 7, 2021, the government produced to the Huawei Defendants footnoted versions of the ▮▮▮▮▮▮▮▮▮▮ Reports. Contrary to the government's assertion that the previously-omitted footnotes were non-substantive, *see* Sept. 9 Hearing Tr. 21:21-22, 36:4-7; *see also* Govt. *Brady* Opp. (ECF No. 302) at 4 (asserting that the government's ▮▮▮▮▮▮ "provide[d] all the [relevant] information" in the Monitor's Reports), in fact the footnotes do contain significant substantive information that will assist in preparing the defense.

      The Huawei Defendants also appreciate the Court's suggestion that the government make the Reports themselves available for inspection. Following the production of the footnoted versions of the ▮▮▮▮▮▮, counsel for the Huawei Defendants were permitted to review partially redacted versions of the HSBC Monitor's Reports at the U.S. Attorney's Office.

      The Huawei Defendants continue to maintain that, given the similarities between the government's "near verbatim" summaries and the originals, there is no basis to withhold actual production of the original Monitor's Reports from the defense. Nevertheless, in light of the information that has now been provided, the Huawei Defendants do not at this time request

*United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457
October 26, 2021
Page 2

production of the actual Reports. Instead, the Huawei Defendants will renew their request for the actual Reports if/when the issue becomes ripe.

    B. <u>Documents The Government Obtained From The Monitor</u>

On October 7, 2021, the government produced five documents that apparently had been provided to it by the Monitor. *See* ECF No. 337 (associated cover letter). In so doing, the government appears to concede that these materials are discoverable, but offers no explanation for why these materials had been withheld from production for nearly twenty-eight months since it started producing discovery in this case.

The government characterizes the recent production as "additional documents" it had received from the Monitor. However, in no previous production had the government ever attributed materials as having originated from the Monitor. The government has now agreed to make a reasonable effort to identify in its productions other documents originating from the Monitor. Accordingly, at this time there is nothing further for the Court to decide on the issue of documents obtained from the Monitor.

    C. <u>Latham & Watkins and HSBC Presentations</u>

The Huawei Defendants have long sought information related to HSBC presentations (both written and oral) to the government in response to the Monitor's Reports. *See Brady* Mot., Ex. C at 5 (requesting in March 2019 "any documents, including notes, relating to reports, communications, or meetings" between HSBC and the government); *id.*, Ex. D at 3 (requesting in February 2020 "any reports and any communications with and presentations made to the government" as part of the Latham investigation). As explained to the government, there is good reason to believe that such presentations contain material, exculpatory information regarding HSBC's knowledge of the nature and extent of Huawei's operations in sanctioned countries.

On October 6, 2021, the government provided the Huawei Defendants a two-page letter disclosure, describing certain information ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. The government's letter strongly suggests that the government possesses additional *Brady* information that has still not been provided to the Huawei Defendants. Specifically, according to the government's October 6 letter:



*United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457
October 26, 2021
Page 3

██████████████████████████████████████████

Because these ███ communications (whether oral or written), as described in the government's October 6 letter, ████████████████████████████ ██████████ those communications are also discoverable under *Brady*. Yet the Government's October 12 update to this Court is vague as to the information that will be produced and when, stating only that the government will, at some undisclosed future date, "provide any additional *Brady* or Rule 16 information in either the Latham & Watkins or the HSBC presentations . . . by letter to defense counsel." Govt. Oct. 12 Letter at 2.

Rather than further burden the Court at this time, the Huawei Defendants intend to meet and confer further with the government on the subject of the Latham and HSBC presentations, and will seek additional guidance from the Court on this issue only to the extent those discussions do not yield the *Brady* and Rule 16 information to which the Huawei Defendants believe they are entitled.

Respectfully submitted,

By: /s/ Thomas C. Green
    Thomas C. Green
    Mark D. Hopson
    Michael A. Levy
    Joan M. Loughnane
    Douglas A. Axel
    Brian J. Stretch
    Ellyce R. Cooper
    Melissa Colón-Bosolet
    SIDLEY AUSTIN LLP
    1501 K Street, NW
    Washington, D.C. 20005
    Tel.: 202-736-8069
    Email: tcgreen@sidley.com

By: /s/ David Bitkower
    David Bitkower
    Matthew S. Hellman
    JENNER & BLOCK LLP
    1099 New York Avenue, NW
    Washington, D.C. 20001
    Tel: 202-639-6048
    Email: dbitkower@jenner.com

*Counsel for Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA Inc., and Futurewei Technologies, Inc.*

cc:    Government counsel (by ECF)