UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

**UNITED STATES OF AMERICA,**

– against –

**HUAWEI TECHNOLOGIES CO. LTD.,** *et al.*,

Defendants.

------------------------------------------------------------ X

MEMORANDUM DECISION AND ORDER

18-CR-457 (S-3) (AMD) (CLP)

## PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(D)(1)

The Court, having carefully considered the Government's First and Second Memorandums in Support of its Classified *Ex Parte, In Camera* Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure (the "Motion"), and the classified exhibits filed therewith, hereby **GRANTS** the Motion in its entirety.

The Court finds that the Motion was properly filed *ex parte* for this Court's review, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte, in camera* review of the Motion, the classified exhibits filed therewith.

On the basis of the Court's review of those submissions, the Court finds that the classified information referenced in the Motion implicates the Government's classified information privilege because the information is properly classified and its disclosure could cause serious damage to the national security of the United States. Furthermore, the Court finds that none of the classified information is exculpatory. *See Brady v. Maryland*, 373 U.S. 83 (1963).

Additionally, the Court finds that the "relevant and helpful" standard articulated in *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze whether the government must disclose in discovery classified information where, as here, the government has properly invoked the classified information privilege. To this end, the Court finds that none of the classified information referenced in the Government's Motion is relevant and helpful to the defense. The Court also finds that the withholdings authorized by this Order are consistent with the Government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

Accordingly, IT IS ORDERED that the Government is authorized to withhold the specified classified information identified in its Motion from discovery to the defendants.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
May 25, 2023