U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:AAS/RMP/MAA
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 12, 2024

By ECF and E-mail

Douglas A. Axel, Esq.
Michael A. Levy, Esq.
Jennifer Saulino, Esq.
Daniel Rubinstein, Esq.
Ellyce R. Cooper, Esq.
Melissa Colon-Bosolet, Esq.
Sidley Austin LLP
787 7th Avenue
New York, New York 10019

David Bitkower, Esq.
Matthew S. Hellman, Esq.
Jenner & Block LLP
1099 New York Avenue, NW
Washington, DC 20001

        Re:    United States v. Huawei Technologies Co., Ltd., et al.
                   Criminal Docket No. 18-457 (S-3) (AMD)

Dear Counsel:

        In light of the scheduled trial date of January 5, 2026, and so as not to cause any unnecessary delay of that trial, the government writes to request that the defendants promptly seek all appropriate authorizations under the laws and regulations of the People's Republic of China ("PRC") for any potential PRC evidence or witness testimony that the defendants may seek to introduce at trial in the above-referenced case.

        As background, the government anticipates that the defendants may assert that they are required to comply with various PRC laws and regulations (e.g., International Criminal Judicial Assistance Law; Law on Guarding State Secrets; Data Security Law; Personal Information Protection Law; Cybersecurity Law; Anti-Foreign Sanctions Law; Rules on Counteracting Unjustified Extra-territorial Application of Foreign Legislation and Other Measures; Provisions on the Unreliable Entity List) in order to use potential PRC evidence and witness testimony in the

United States, including with respect to sharing such evidence with the government in advance of trial.[1]

The government understands that obtaining approvals from the PRC government may take significant time. Indeed, as noted in your recent brief, in <u>United States v. Fujian Jinhua Integrated Circuit Co., Ltd. et al.</u>, No. 18-CR-465 (N.D. Cal.), it took more than a year for Jinhua to obtain certain such approvals. (<u>See</u> Dkt. No. 430 at 5.) That prolonged process – largely due to Jinhua's lack of diligence – resulted in considerable and avoidable delays to the <u>Jinhua</u> trial.

Accordingly, the government requests that the defendants promptly seek all appropriate authorizations under PRC law and regulations in order to avoid such potential delays in this case. The government also requests that, to the extent deemed necessary, the defendants seek specific authorization to provide unredacted versions of any potential evidence in native format (<u>i.e.</u>, in the format in which the documents were created) with all accompanying metadata.

Very truly yours,

BREON PEACE
United States Attorney
Eastern District of New York

By: /s/
Alexander A. Solomon
Meredith A. Arfa
Robert M. Pollack
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering and
Asset Recovery Section, Criminal Division,
U.S. Department of Justice

Laura Billings
Taylor Stout
Jasmin Salehi Fashami
Trial Attorneys

---

[1] <u>See also</u> U.S. Dep't of State, <u>Preparation of Letters Rogatory</u>, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited July 12, 2024).

JENNIFER KENNEDY GELLIE
Executive Deputy Chief,
Counterintelligence and Export Control
Section, National Security Division,
U.S. Department of Justice

Christian J. Nauvel
Yifei Zheng
Monica Svetoslavov
Ahmed Almudallal
Trial Attorneys