U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS/MAA/RMP
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 24, 2024

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Huawei Technologies Co., Ltd., et al.
      Criminal Docket No. 18-457 (S-3) (AMD)

Dear Judge Donnelly:

  The government respectfully seeks leave of the Court to file a pretrial motion regarding the admissibility at trial against defendants Huawei Technologies Co., Ltd. ("Huawei"), Huawei Device Co. Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc. (collectively, the "Huawei Corporate Defendants") of the statement of facts from defendant Wanzhou Meng's deferred prosecution agreement. Defense counsel opposes the present motion for leave and has informed the government that it will file an opposition brief on or about October 31, 2024. The government will be prepared to file the proposed pretrial motion by November 1, 2024, and seeks to file the motion as soon thereafter as the Court permits.

  In its contemplated motion, the government intends to argue that the statement of facts, as adopted by Meng, is admissible as the statement of an opposing party's agent or employee on a matter within the scope of the relationship and while it existed, under Federal Rules of Evidence 801(d)(2)(D). The admissions contained in the statement of facts are directly relevant to the core elements of the various financial fraud charges against the Huawei Corporate Defendants. The admissions make clear that Meng, while acting as Huawei's principal, deceived a victim global financial institution about Huawei's longstanding control over its Iranian affiliate Skycom to preserve the existing banking relationship, including access to the bank's funds in U.S. dollar-clearing transactions. Further, the admissions acknowledge the materiality of the misrepresentations to the victim financial institution.

  The Court should grant the government leave to file the proposed motion for the following reasons:

1

*First*, if granted, the proposed pretrial motion on admissibility would considerably shorten trial in this case, currently scheduled to commence in January 2026, thereby saving significant judicial resources. Admission of Meng's statements would obviate the need for the government to call scores of bank witnesses—at least some of whom would require interpreters at trial, thereby lengthening their testimony—to establish the critical facts underpinning Huawei's scheme to defraud multiple global financial institutions regarding the nature of Huawei's relationship to Skycom, including Huawei's understanding that the substance of its misrepresentations was material to the financial institutions' decision-making in granting Huawei continued access to U.S. dollar-clearing transactions. Similarly, the government would no longer need to call certain witnesses regarding the complicity of Huawei's leadership—according to the statement of facts, both Meng and Huawei's treasurer participated in a meeting with a principal of a victim bank in which Meng repeatedly misrepresented her and Huawei's relationship to Skycom.

*Second*, resolving the issue of admissibility at this procedural juncture would assist the Court in resolving the Huawei Corporate Defendants' pending motion to sever. In their motion to sever, the Huawei Corporate Defendants' preliminary statement argues that "the court, the jury, and the parties will be asked to devote at least *six to nine months* in total to hearing the case" and that severance is appropriate, in part, because "[a] trial on the current indictment is unmanageable in its present form." (ECF No. 456 at 6) (emphasis in original). The Court recently deferred resolution of the motion to sever while staying the government's response, reasoning that "resolution of the defendants' forthcoming motion to dismiss may narrow or clarify the arguments raised in the defendants' pending motion to sever." (Order, Oct. 4, 2024). So too here. If the Court finds Meng's statements admissible, the anticipated trial length would be significantly shorter than the government previously estimated for the Court, which, in turn, would affect assessment of the Huawei Corporate Defendants' severance arguments.

*Third*, prompt resolution of the proposed motion would conserve considerable governmental resources. If the proposed motion on admissibility were granted, the testimony of numerous prospective overseas witnesses would be redundant. Thus, the government would be spared the significant time and expense of organizing Rule 15 depositions for overseas witnesses who would not otherwise be willing or able to testify, as well as the time and expense of traveling overseas to prepare witnesses for trial testimony. Conversely, resolving the proposed motion promptly, rather than waiting until a date closer to trial, might avoid the need for the Court to oversee Rule 15 depositions of government witnesses whose testimony the government would not need to secure if the proposed motion is granted.[1]

---

[1] In their motion for *Brady* materials, the Huawei Corporate Defendants have advised that securing the trial testimony of defense witnesses residing in the People's Republic of China ("PRC") may take significant time given approvals needed from the PRC government. Indeed, the Huawei Corporate Defendants have noted that, in *United States v. Fujian Jinhua Integrated Circuit Co., Ltd. et al.*, No. 18-CR-465 (N.D. Cal.), it took more than a year for Jinhua to obtain certain such approvals. (*See* ECF No. 430 at 5). That prolonged process—largely due to Jinhua's lack of diligence—resulted in considerable and avoidable delays to the *Jinhua* trial. To the extent a pretrial ruling regarding the admissibility of the statement of facts were to make the defendants more inclined to call Meng—who resides in the PRC—as a trial witness, an earlier

*Fourth*, the Court should allow the proposed briefing as a matter of fairness. With the notable exception of the motion to sever—which, as here, the government sought to stay based on judicial and party efficiencies—the government has broadly agreed to the briefing schedule proposed by the defense.

For the reasons above, the Court should grant the government leave to file a motion seeking a pretrial ruling on the admissibility against the Huawei Corporate Defendants of the statement of facts accompanying Wanzhou Meng's deferred prosecution agreement. As indicated above, the government will be prepared to file the proposed pretrial motion by November 1, 2024, and seeks to file the motion as soon thereafter as the Court permits.

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

By: /s/ Alexander A. Solomon
Alexander A. Solomon
Meredith A. Arfa
Robert Pollack
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

By: /s/
Laura Billings
Taylor Stout
Jasmin Salehi Fashami
Trial Attorneys

JENNIFER KENNEDY GELLIE
Executive Deputy Chief,
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

By: /s/
Christian Nauvel

---

resolution would help avoid such potential delays by affording the defendants ample time to make any necessary arrangements.

Yifei Zheng
                                        Monica Svetoslavov
                                        Ahmed Almudallal
                                        Trial Attorneys

cc: Clerk of the Court (by ECF and Email)
    Defense Counsel of Record (by ECF)