SIDLEY JENNER&BLOCK LLP Steptoe

November 16, 2026

**Via ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Huawei Technologies Co., Ltd.*, No. 18-cr-457 (S-4) (AMD) (JAM) – Letter Regarding Jury Instruction on RICO Horizontal Relatedness

Dear Judge Donnelly:

Huawei submits this letter to address the jury instruction on RICO's horizontal relatedness requirement. The parties agree that the jury should be instructed that the "racketeering acts must have the same or similar purposes, results, participants, alleged victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics." No additional language is necessary, and the government's proposed addition would contravene Second Circuit precedent by effectively eliminating the horizontal relatedness inquiry in a case involving an enterprise with legitimate business.

In *Reich v. Lopez*, 858 F.3d 55 (2d Cir. 2017), the Second Circuit held:

> In certain cases, we have relaxed the requirement of horizontal relatedness and held that proof of vertical relatedness alone can also serve as proof of a horizontal relation. Reich urges us to do the same here. We decline the invitation.
>
> When dealing with an enterprise whose business is racketeering activity, such as an organized crime family, horizontal relatedness can be established simply by linking each act to the enterprise. When dealing with an enterprise that is primarily a legitimate business, however, courts must determine whether there is a relationship between the predicate crimes themselves; and that requires a look at, inter alia, whether the crimes share "purposes, results, participants, victims, or methods of commission."

*Id.* at 61 (citations omitted) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). Huawei's proposed language tracks *Reich*'s test.

The government proposes adding the following language: "Two racketeering acts may be 'related' even though they are otherwise dissimilar or not apparently related to each other." This language is directly contrary to *Reich*. *Reich* stated: "If every crime done by any employee of a large, ramified corporation was deemed horizontally related, it would be child's play to plead RICO actions against those companies notwithstanding that the crimes themselves might be

'isolated' and otherwise unrelated." 858 F.3d at 61-62. The government's proposed instruction would repudiate that aspect of *Reich*'s holding.

*United States v. Kelly*, 128 F.4th 387 (2d Cir. 2025), is not to the contrary. *Kelly* addressed vertical, not horizontal, relatedness. In that context, the court held: "'The requisite vertical nexus between the RICO enterprise and the predicate racketeering acts may be established by evidence that the defendant was enabled to commit the predicate offenses solely by virtue of his position in the enterprise or involvement in or control over the affairs of the enterprise.'" *Id.* at 411 (quoting *United States v. Minicone*, 960 F.2d 1099, 1106 (2d Cir. 1992)). *Kelly* did not purport to overturn *Reich*'s holding that the government must prove horizontal relatedness in cases involving enterprises with legitimate business.

Finally, during summation today, the government's counsel recited and applied *Reich*'s horizontal relatedness standard. Tr. 8361:18-8362:13. Huawei's proposed jury instruction would align with the government's own summation.

Respectfully submitted,

/s/ David Bitkower
David Bitkower
Matthew S. Hellman
Katya Jestin
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
(202) 639-6048
dbitkower@jenner.com

/s/ Douglas A. Axel
Douglas A. Axel
Melissa Colón-Bosolet
Ellyce R. Cooper
Michael A. Levy
Frank R. Volpe
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
(212) 839-5300
daxel@sidley.com

/s/ Brian M. Heberlig
Brian M. Heberlig
Ryan P. Poscablo
Julia Gatto
William L. Drake
Jessica I. Rothschild
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
rposcablo@steptoe.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*